# United States Court of Appeals
## For the First Circuit

No. 98-2321

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

LUIS ALVAREZ-DEL PRADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Giménez, U.S. District Judge]

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lynch, Circuit Judge.

David W. Román, with whom Brown & Ubarri were on brief for appellant.

Nelson Pérez-Sosa, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief for appellee.

July 28, 2000

**BOWNES, Senior Circuit Judge.** Defendant Luis Alvarez-Del Prado ("Alvarez") challenges an order of the United States District Court for the District of Puerto Rico denying his motion to withdraw a plea of guilty. Finding an adequate plea and no abuse of discretion by the district court, we affirm.

## I. Facts

In June of 1996, two police officers in Santurce, Puerto Rico observed a gray Chevrolet van traveling in the wrong direction on a one-way street. The officers stopped the van, and each approached one side of the van. While one officer interviewed the driver, Jorge Borges-Rosario ("Borges"), Alvarez, who was in the passenger seat, attempted to flee. After restraining Alvarez, the officers noticed a firearm tucked into the passenger seat of the van. The officers immediately arrested Alvarez and Borges. In addition to the weapon discovered in the passenger seat (a semi-automatic nine-millimeter pistol), the officers discovered a .357 revolver and a second nine-millimeter pistol. Inside a box in the van, the officers found approximately twenty-four kilograms of cocaine.

The grand jury returned a four-count indictment against Alvarez and Borges. Count One alleged that, while aiding and abetting each other, the defendants possessed 24 kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count Two

alleged that, while aiding and abetting each other, the defendants carried three firearms in the course of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Count Three alleged possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Count Four, which applied only to Borges, charged a violation of 18 U.S.C. § 922(g)(1), which bars possession of firearms by convicted felons.

On February 3, 1997, Borges pled guilty. At his Rule 11 hearing, Borges stated:

> I would like to explain that the owner of all [the contraband] was myself. Mr. Alvarez Del Prado has nothing to do with it. He was simply a passenger that I picked up. He has nothing to do with these events. He did not know anything about these events. As a matter of fact[,] I am pleading guilty because the only guilty person here is m[e]. Mr. Alvarez Del Prado has nothing to do with this.

Alvarez, who was represented in the trial court by the same attorney as Borges, informed the court the same day that he would enter a plea of guilty. Upon considering the plea offer more fully, however, Alvarez notified the court that he wished to go to trial.

After a February 11, 1997 hearing on a motion to suppress evidence, Alvarez notified the court of his intent to plead guilty. In accordance with a written plea agreement, Alvarez pled guilty to Counts One and Three. In return, the government agreed to request dismissal of Count Two.

The plea agreement contemplated a three-level reduction of the base offense level on Count One (which would otherwise have been 34) for acceptance of responsibility, and a two-level enhancement for possession of a dangerous weapon. According to the plea agreement, this would yield an adjusted offense level of thirty-three. Alvarez agreed not to avail himself of the "safety valve" provisions of United States Sentencing Guidelines Manual § 5C1.2 and 18 U.S.C. § 3553(f)(1)-(5). Alvarez acknowledged in the agreement that this concession would result in a sentence of at least 120 months.

The plea agreement incorporated by reference a statement of the facts that formed the basis for the charges. The statement, which both Alvarez and his attorney signed, chronicled the traffic stop, and listed the contraband seized from the vehicle. It further stated: "[Alvarez] acknowledges that he was aiding and abetting co-defendant Borges in possessing the aforementioned controlled substance and weapons, with full knowledge of the existence and nature of the contraband and firearms possessed."

On February 28, 1997, Alvarez moved to withdraw his guilty plea. The district court, in a written opinion, denied the motion. This appeal followed.

## II. Rule 11

Stripped to its essence, Alvarez's argument is that the district court erred because he could not be guilty of the charged

crimes because he was merely present at the scene, and that neither the district court's Rule 11 colloquy, nor Alvarez's counsel put him on notice that his mere presence did not make him an aider and abetter.[1] In precise legal terms, Alvarez makes two claims. First, Alvarez claims that the district court's failure to ensure that he understood the elements of the offenses to which he pled guilty rendered his plea involuntary. See Fed. R. Crim. Proc. 11(c) ("Before accepting a plea of guilty . . . the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered."). Second, he claims that there was no sufficient factual basis for the plea. See Fed. R. Crim. Proc. 11(f) ("Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.").

---

[1] We note that Alvarez appears to make a claim for ineffective assistance of counsel. As his brief recounts, "Alvarez . . . plead guilty only because his counsel repeated that the fact that Alvarez was 'merely present' in the van at the time of the arrest[] was enough to convict him." On the other hand, his brief also states that: "there is nothing in the case record remotely questioning Alvarez's claim that his counsel advised him that Alvarez's presence in the van was sufficient to establish Alvarez's liability." But there is neither anything to support his claim. We deem this issue preserved, but think that it is more properly addressed in a post-conviction appeal, as opposed to the instant direct appeal. See United States v. Woods, 210 F.3d 70, 74 (1st Cir. 2000) ("It is well settled that we will not entertain an ineffective assistance claim on direct appeal absent a sufficiently developed evidentiary record.") (internal quotation marks omitted).

## A. **Standard for Withdrawal of Plea**

Federal Rule of Criminal Procedure 32 governs the withdrawal of guilty pleas. When the motion to withdraw is made before sentencing, "the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. Proc. 32(e). In deciding whether an asserted reason for withdrawal meets the Rule 32(e) standard, the district court must look to the totality of the circumstances, paying special attention to whether the plea was knowing, voluntary, and intelligent under Rule 11. See United States v. Martinez-Molina, 64 F.3d 719, 732 (1st Cir. 1995); United States v. Cotal-Crespo, 47 F.3d 1, 3 (1st Cir. 1995). The inquiry is essentially open-ended, however. We have often recognized several other factors that may enter the decisional calculus of the trial court. These include "the force of the defendant's proferred reason [for withdrawal]; the timing of the request; [and] the defendant's assertion of legal innocence (or the lack of such an assertion)." United States v. Doyle, 981 F.2d 591, 594 (1st Cir. 1992); see also United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996) (citing cases); Cotal-Crespo, 47 F.3d at 3-4. The court may also consider whether there has been a plea agreement. See Isom, 85 F.3d at 834.[2] If the defendant shows

---

[2] In Isom, we stated, "A court must consider several factors . . . ." 85 F.3d at 834(emphasis added.). We do not consider here the question of whether certain factors are mandatory; the question is not presented because the district court considered those factors mentioned in Isom. In other words, assuming arguendo that Isom imposes such a

-6-

sufficient reason for withdrawing the plea, the court must also consider any possible prejudice to the government. See Isom, 85 F.3d at 834-35; Doyle, 981 F.2d at 594.

### B. **Standard of Review on Appeal**

Absent errors of law, we review the decision to deny a motion to withdraw a guilty plea only for "demonstrable abuse of discretion." Martinez-Molina, 64 F.3d at 732 (quoting United States v. Allard, 926 F.2d 1237, 1245 (1st Cir. 1991)). The district court's findings of fact are reviewed only for clear error, and "we accord considerable deference to the firsthand assessment ultimately made by the district court." United States v. Aker, 181 F.3d 167, 170 (1st Cir. 1999) (quoting United States v. Marrero-Rivera, 124 F.3d 342, 348 (1st Cir. 1997)).

### C. **Application**

#### 1. **Voluntariness**

Alvarez argues on appeal that his plea was involuntary and in violation of Rule 11 because he did not understand the charges to which he pled. This argument is based on Fed. R. Crim. Proc. 11(c)(1), which states: "Before accepting a plea of guilty . . . the court must . . . inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered."

---

requirement, it has been met.

Alvarez's argument, however, is belied by the record below. In a lengthy Rule 11 hearing, the following colloquy took place:

> THE COURT: Do you know what you have been charged with in Counts 1 and 3?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is there any need for me to read to you the charges in Counts 1 and 3 at this time?
>
> [DEFENSE COUNSEL]: Your Honor, we will be waiving that at this time.  It won't be necessary.

The court, however, did not simply take defense counsel's assurances as definitive.  The court addressed the defendant personally:

> THE COURT: So, your attorney has stated to the Court that it won't be necessary.  Is that because you already know what you have been charged with in Counts 1 and 3?
>
> THE DEFENDANT: Yes, sir.

This discussion notwithstanding, the court later in the hearing read the relevant counts in the indictment to the defendant.  The government read its statement of facts aloud, and the defendant accepted them. See United States v. Martinez-Martinez, 69 F.3d 1215, 1220 (1st Cir. 1995) ("If, during the plea colloquy, the government's statement . . . of the facts sets forth all elements and conduct of the offense, admission to that conduct sufficiently establishes the defendant's understanding of the charge.").

Alvarez is correct in pointing out that the district court had an obligation to assure itself that the defendant understood the law in relation to the facts.  As the Seventh Circuit has stated:

> This means, among other things, that a defendant must understand not only the nature of the charge against him or her, but also that his or her conduct actually falls within the charge. Similarly, it means that before pleading guilty a defendant should be made aware of possible defenses, at least where the defendant makes known facts that might form the basis of such defenses.

United States v. Frye, 738 F.2d 196, 199 (7th Cir. 1984) (internal citations omitted).  In this case, the defendant did nothing whatsoever to put the trial judge on notice that a possible defense existed. Instead, he relied, after the plea, on statements made before the plea by his co-defendant.  The trial judge here need not take these statements of Alvarez's co-defendant as notice that a defense existed, especially in light of the judge's knowledge that both parties were represented by the same attorney.  To require the judge, on these facts, to present any possible defenses would be to transform the judge into a defense attorney.[3]

### 2. **Factual Basis**

---

[3] For factual reasons that we discuss in Part II.C.2 of this opinion, it does not appear that a "mere presence" defense is applicable on the facts of this case.

Alvarez claims that the district court erred in accepting the plea, and then erred again in refusing to allow him to withdraw it because a factual basis for the plea did not exist.

Alvarez directs our attention to the decision of the Seventh Circuit in Nevarez-Diaz v. United States, 870 F.2d 417 (7th Cir. 1989). In that case, the court held that a plea was invalid where the defendant admitted only that he was present at the scene of the alleged crime. Nevarez-Diaz, however, is distinct from the instant case. In that case,

> [T]he record reveal[ed] plainly that Nevarez either misunderstood the nature of the crimes with which he was charged or failed to realize that his mere presence at the scene of the crime was insufficient to establish his guilt.

Id. at 421. The record in this case is vastly different. The court had before it a signed statement that read: "[Alvarez] acknowledges that he was aiding and abetting co-defendant Borges in possessing the aforementioned controlled substance and weapons, with full knowledge of the existence and nature of the contraband and firearms possessed." In Nevarez-Diaz, on the other hand, "Nevarez never admitted to anything beyond his mere presence at the scene of the crime; he never admitted that he knew what was happening." Id.

Two pieces of evidence undercut Alvarez's argument for the lack of a factual basis. First, the police found a semi-automatic revolver tucked into the seat in the van in which Alvarez had been

sitting.  Second, toll records from cloned cellular phones seized from the defendants revealed seven calls between the two phones in the days leading up to the offense, and two calls on the date of the offense. These facts severely discredit the contention, first offered by Borges, that "[Alvarez] was simply a passenger that I picked up."

In light of the government's statement of facts, to which Alvarez admitted, combined with the two corroborating facts discussed above, we cannot find that the district court erred in finding a factual basis for the plea.

### 3. **Fair and Just Reason**

In deciding whether an asserted reason for withdrawal meets the Rule 32(e) standard, the crux of the inquiry is whether the plea was knowing, voluntary, and intelligent under Rule 11.  We have answered this inquiry in the affirmative.  With respect to the other considerations enumerated by this court for district courts to consider, the court considered them in detail in its written opinion. Suffice it to say that those considerations cannot, in the light of the knowing, voluntary and intelligent nature of the factually sufficient plea, rise to the level of an abuse of discretion in the failure of the district court to find a fair and just reason for the withdrawal of the guilty plea.

## III. **Conclusion**

The district court did not err in finding a factual basis for the plea, nor did it err in deeming the plea voluntary. The court's refusal to allow withdrawal of the plea of guilty did not constitute an abuse of discretion. **<u>Affirmed</u>**.