# United States Court of Appeals
## For the First Circuit

No. 99-1491

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

CÉSAR R. CASTRO-GÓMEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Chief Judge,

Stahl and Lipez, Circuit Judges.

Lydia Lizarribar-Masini, was on brief, for appellant.
Camille Vélez-Rivé, Assistant U.S. Attorney, with whom Guillermo A. Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant U.S. Attorney, were on brief, for appellee.

December 7, 2000

**TORRUELLA, <u>Chief Judge</u>.** Appellant César R. Castro-Gómez appeals the denial by the district court of his motion to withdraw his guilty plea. Castro-Gómez allegedly was unaware that the only possible sentence for a person with his criminal history under the "three strikes" statute, 18 U.S.C. § 3559(c)(1)(A), was life imprisonment. Because the district court did not inform appellant, as required by Federal Rule of Criminal Procedure 11(c)(1), that he faced a minimum mandatory life sentence, we reverse.

## BACKGROUND

On November 12, 1997, a grand jury returned an indictment against César R. Castro-Gómez charging him with: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; (2) attempt to import and possess with intent to distribute cocaine on board a vessel, in violation of 46A U.S.C. § 1903(a) and (b)(1) and 18 U.S.C. § 2; and (3) aiding and abetting unlawful importation of cocaine into the United States, in violation of 21 U.S.C. § 963 and 18 U.S.C. § 2. In the months leading up to trial, appellant's counsel engaged in plea negotiations with the government resulting in a motion for a change of plea from not guilty to guilty. Shortly thereafter, the United States Attorney's office determined that it would not offer appellant a deal and filed an Information stating that based on appellant's prior criminal history, it would seek life imprisonment.

On March 25, 1998, appellant's change of plea hearing was held before the district court. Appellant entered a straight plea of guilty for the three counts with which he was charged. The district court explained to appellant that each count had a minimum sentence of ten years imprisonment and a maximum of life imprisonment. Appellant was told that the sentences could be imposed to run concurrently or consecutively and was given examples of possible scenarios. Appellant stated that no promises or predictions had been made to him regarding what sentence he was likely to receive. No mention of the government's Information was made at appellant's change of plea hearing.

Appellant's sentencing hearing was held on August 17, 1998. The government moved for the district court to take into account the Information regarding appellant's prior convictions, which would mandate a sentence of life imprisonment. Appellant's counsel responded by objecting and stating that she did not know of the filing of the Information until she received the pre-sentence report. In addition, she stated that had she known that the government was going to file an Information, appellant would not have pled guilty. Appellant's counsel reasoned that if faced with mandatory life imprisonment, appellant had nothing to lose by going to trial. The government countered that appellant's counsel had been alerted to the filing of the Information, as evidenced by the certificate of service. The sentencing hearing was continued with instructions to the parties to clarify their positions.

-4-

The government filed two unsworn statements indicating that appellant's counsel had been notified of the impending filing of the Information. On November 3, 1998, appellant filed a motion to withdraw his guilty plea on the grounds that he did not make an intelligent or knowing plea. This was denied by the district court in its Opinion and Order of February 4, 1999 for the reasons that: (1) appellant's counsel probably had received notice of the Information, or, at minimum, certainly knew about appellant's prior criminal convictions and should have expected that the government would file such Information; and (2) appellant was informed of the possibility of a life sentence and had no expectation of any particular sentence. Appellant's Motion for Reconsideration was similarly denied on February 24, 1999, and appellant was sentenced to life imprisonment, as required by statute, on March 12, 1999.

## DISCUSSION

The standard of review for denial of a motion to withdraw a guilty plea is abuse of discretion. United States v. Ribas-Dominicci, 50 F.3d 76, 78 (1st Cir. 1995). Appellant was not per se entitled to withdraw his guilty plea prior to sentencing. United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997). Instead, motions to withdraw a guilty plea prior to sentencing may be allowed upon a showing of "any fair and just reason," Fed. R. Crim. P. 32(e), with the burden of persuasion falling upon the defendant, Marrero-Rivera, 124

F.3d at 347.  In making this determination, the district court was required to evaluate whether the guilty plea was voluntary, intelligent, and knowing within the framework of Federal Rule of Criminal Procedure 11.  Id.

Rule 11(c) of the Federal Rules of Criminal Procedure governs a court's conduct when a defendant pleads guilty or nolo contendere. Specifically, the court must communicate to the defendant personally: "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fed. R. Crim. P. 11(c)(1).  This Court has identified three "core" concerns of Rule 11(c).  They are: (1) that the plea is voluntary; (2) that the defendant understands the charge to which he has pled guilty; and (3) that the defendant knows the consequences of his guilty plea.  Marrero-Rivera, 124 F.3d at 348 n.7. The complete failure of the district court to address one or more of these three concerns would warrant reversal.  Id. at 348.  Absent total failure, any variance from the procedures required by Rule 11 that does not "affect substantial rights" is harmless error.  Fed. R. Crim. P. 11(h); Marrero-Rivera, 124 F.3d at 348.  We look at all of the circumstances of the Rule 11 hearing to determine what appellant reasonably should have understood.  Id.

In this appeal, only the third concern, appellant's knowledge of the consequences of his guilty plea, is relevant.  At his change of

plea hearing, Castro-Gómez was informed by the district court that, based on the offenses to which he intended to plead guilty, he faced a minimum of ten years imprisonment and a maximum of life imprisonment. According to the Information filed by the government, however, appellant's prior criminal history mandated a life sentence. The ten-year minimums set out in the statutes that appellant was charged with violating were not applicable. It follows that he was not accurately apprised of the minimum mandatory sentence that would be imposed, as required by Rule 11(c)(1).

A failure to inform a defendant of a mandatory minimum sentence at his plea hearing "implicates a core concern of Rule 11." United States v. McDonald, 121 F.3d 7, 10-11 (1st Cir. 1997). Before forfeiting the right to trial by a plea of guilty, appellant was entitled to have the consequences of that forfeiture accurately explained. Informing appellant of the mandatory minimums for the offenses to which he pled guilty, rather than the mandatory life imprisonment imposed by the "three strikes" provision, 18 U.S.C. § 3559(c)(1)(A), was not sufficient: "advice as to a mandatory minimum that is no longer relevant can hardly achieve Rule 11's purpose, which is to advise a defendant of the actual consequences of his plea so that he can realistically decide whether to plead guilty." United States v. Santo, 225 F.3d 92, 98 (1st Cir. 2000). The district court's failure

to communicate the minimum mandatory life sentence to appellant rendered the Rule 11 colloquy imperfect.

Our inquiry does not end here, because the district court did not completely fail to inform appellant of the consequences of his plea. The error, then, must now be analyzed for its effect on appellant's substantial rights. If the error is harmless, Rule 11(h) instructs us to uphold appellant's guilty plea. The district court denied Castro-Gómez's motion to withdraw his plea in part because appellant was fully aware that he <u>could</u> receive a life sentence. Appellant was told at his change of plea hearing that he could receive ten years to life for each of the offenses to which he intended to plead guilty. He admits that no assurances were given to him that he would receive a sentence closer to the alleged ten-year minimum rather than the life maximum. The imposition of the life sentence, then, did not come without warning.

Even a mere possibility that Castro-Gómez could receive less than a life sentence, however, likely played an important role in his decision to plead guilty. See <u>Santo</u>, 225 F.3d at 100 ("[I]t is sufficiently likely that [appellant] misjudged the consequences of his plea in light of the court's misinformation so that he must be allowed to withdraw his plea."). There are few instances that one could imagine in which an accused individual would concede the right to trial and the chance of acquittal, however slim, and submit to a guaranteed

life sentence.  We cannot say that appellant would have made a different choice had he known at the outset that he faced mandatory life, but certainty is unnecessary in this regard.  It is enough that we find that this information could reasonably have affected his decision to plead guilty.  Santo, 225 F.3d at 101.

Appellant's situation is distinguishable from those found in cases in which we have found harmless error.  In McDonald, the defendant was sentenced to more time than the mandatory minimum prescribed.  121 F.3d at 11 (sentenced to fifteen months more than the ten-year minimum).  We held that defendant's substantial rights were not affected because the mandatory minimum had no actual impact on the sentence that he received.  Id.  Appellant's sentence, in contrast, was wholly dictated by the mandatory minimum, as no other sentence was possible under the "three strikes" statute.

Finally, whether or not appellant's counsel knew of the government's filing of the Information or should have known, based on appellant's prior record, that the government was likely to file such Information is irrelevant.  Rule 11 requires that a defendant be "personally" informed by the district court of the mandatory minimum penalties that he faces.  See McCarthy v. United States, 394 U.S. 459, 465-66 (1969); United States v. Medina-Silverio, 30 F.3d 1, 3 (1st Cir. 1994).  A possible awareness by appellant's counsel of minimum and maximum penalties did not absolve the district court of its

-9-

responsibility to conduct a direct and complete Rule 11 interrogation of the appellant.  Cf. United States v. Gray, 63 F.3d 57, 61 (1st Cir. 1995) (rejecting government argument that defendant knew of the applicable minimum penalty because the information had been contained in the plea agreement that defendant signed; this did not absolve district court of the duty to address the defendant personally in the Rule 11 colloquy).

Accordingly, the district court's denial of appellant's motion to withdraw his plea is **reversed**.