**UNITED STATES of America,
Plaintiff,**

v.

**Dale Chester BROWNE (2), Defendant.**

**No. CRIM 00–001(PG).**

United States District Court,
D. Puerto Rico.

April 24, 2001.

---

186

Robert A. Knief, U.S. Department of Justice, Hato Rey, PR, for U.S. Attorneys.

Joseph C. Laws, Federal Public Defender Office, San Juan, PR, Ramon L. Garay–Medina, Rio Piedras, PR, Francisco Rebollo–Casalduc, San Juan, PR, Jorge M. Carmona–Rodriguez, Ponce, PR, Julio Morales–Sanchez, Van Rhyn, Lora–Longoria,

Hato Rey, PR, for Dale Chester Browne, defendants.

### OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Defendant Dale Chester Browne moves the Court to withdraw his plea of guilty. (Dkt.360) The Government opposes Browne's withdrawal because it contests that Browne entered into the plea voluntarily. (Dkt.361)

## WITHDRAWING A PLEA OF GUILTY

■ Several days after the beginning of trial in his case, Browne entered a plea of guilty. He now wishes to withdraw this plea. The First Circuit has made clear that a defendant cannot simply withdraw his guilty plea prior to sentencing. *See United States v. Marrero Rivera*, 124 F.3d 342, 347 (1st Cir.1997); *United States v. Castro–Gomez*, 233 F.3d 684, 685 (1st Cir. 2000). "Instead, motions to withdraw a guilty plea prior to sentencing may be allowed upon a showing of 'any fair and just reason,' FED. R. CRIM. P. 32(e), with the burden of persuasion falling upon the defendant, *Marrero–Rivera*, 124 F.3d at 347. In making this determination, the district court [i]s required to evaluate whether the guilty plea was voluntary, intelligent, and knowing within the framework of Federal Rule of Criminal Procedure 11. *Id.*"

■ More specifically, FED. R. CRIM. P. (c) "governs a court's conduct when a defendant pleads guilty or *nolo contendere* .... [T]he court must communicate to the defendant personally: 'the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.' FED. R. CRIM. P. 11(c)(1)." The First Circuit has identified three "core" concerns of Rule 11(c). They are (1) that the plea is voluntary, (2) that the defendant understands the charge to which he has pled guilty, and (3) that the defendant knows the consequences of his guilty plea. *See Marrero Rivera*, 124 F.3d at 348 n. 7; *Castro–Gomez*, 233 F.3d at 687.

There is no absolute right to withdraw a guilty plea prior to sentencing. *See United States v. Pellerito*, 878 F.2d 1535, 1537 (1st Cir.1989), *cert. denied,* 502 U.S. 862, 112 S.Ct. 184, 116 L.Ed.2d 145 ... (1991). Rather, a defendant may be allowed to withdraw a guilty plea before sentencing only for a "fair and just reason." *See United States v. Cotal–Crespo*, 47 F.3d 1, 3 (1st Cir.), *cert. denied,* 516 U.S. 827, 116 S.Ct. 94, 133 L.Ed.2d 49 ... (1995); *see also* FED. R. CRIM. P. 32(e) ("the court may permit the plea to be withdrawn if the defendant shows any fair and just reason"). The burden of persuasion rests with the defendant. *United States v. Isom*, 85 F.3d 831, 834 (1st Cir.1996); *United States v. Parrilla–Tirado*, 22 F.3d 368, 371 (1st Cir.1994).

The district court must consider several factors in determining whether the burden of persuasion has been met by the defendant, the most significant being whether the plea was voluntary, intelligent and knowing, within the meaning of Rule 11. *Cotal–Crespo*, 47 F.3d at 3; *United States v. Allard*, 926 F.2d 1237, 1243 (1st Cir.1991). Other relevant considerations, *see* pp. 352–54, include: (1) the plausibility and weight of the proffered reason; (2) the timing of the request; (3) whether the defendant asserted legal innocence; and (4) whether the parties had reached, or breached, a plea agreement. *Isom*, 85 F.3d at 834; *Cotal–Crespo*, 47 F.3d at 4. Finally, assuming the defendant carries the burden of persuasion on the aforementioned con-

siderations, the district court must weigh in the balance any demonstrable prejudice to the government were the defendant allowed to withdraw the plea. *Isom*, 85 F.3d at 835; *Pellerito*, 878 F.2d at 1537.

*Marrero–Rivera*, 124 F.3d at 347–48.

## FIRST FACTOR: WAS THE PLEA VOLUNTARY, INTELLIGENT AND KNOWING

■ The Court is convinced that Browne's plea was entered voluntarily, intelligently, and knowingly. Indeed, Browne's motion supports this conclusion; "In this particular case, the Defendant [Browne] understood the nature of the charges against him ...."[1] Furthermore, at the plea hearing the Court specifically found Defendant competent to plead. *See Change of Plea Hearing for Dale Chester Browne of November 20, 2000* at p. 4, line 22–23. The Court then had Browne sworn in before proceeding to ensure that he was pleading voluntarily, knowingly and intelligently. For example, Browne answered that he was aware of his right to a jury trial, that he was aware that he was pleading guilty to Counts 1 and 9, and that he had the right to be presumed innocent until proven guilty by the Government beyond a reasonable doubt and that he would not have to prove his innocence. *See id.* at p. 5, lines 1–25. Browne also stated that he was aware of his right to see and hear witnesses testifying against him, object to evidence presented, cross-examine them, and present any evidence on his own behalf. *See id.* at p. 6, lines 1–15. In fact, Browne stated that he understood every question the Court asked him regarding his awareness of pleading.

Browne stated that he understood that for Court 1 he was subject to "ten years to life," a fine of up to four million dollars, a supervised release period of at least five years and a special monetary assessment of one hundred dollars and for Court 9 he was subject to "no more than twenty years," a fine of up to "five hundred thousand dollars" or "twice the value of the property involved in the transaction, whichever is greater, a term of supervised released of not less than two, [but] no more than three [years] and a one hundred dollar special monetary assessment." *See id.* at p. 8, lines 3–25, p. 9, lines 1–2.

The Court then proceeded to explain to Browne the difference between a concurrent and consecutive sentence and what the term supervised release means. Browne stated he understood. *See id.* at p. 9, lines 15–25, p. 10, lines 1–7. The Court could go on and on reciting the transcript to demonstrate that Browne was fully aware of what he was doing.

Browne now alleges that the Government did not treat him fairly, that he was discriminated against based upon disparate treatment. He also contradicts his earlier statement by alleging that "his change of plea was neither voluntary, nor intelligent, and/or the product of confusion, and lack of information and preparation." Browne's motion also notes his "serious concern[ ] and displeasure with his guilty plea."

The plea agreement sets out the Government's sentencing recommendation and the conditions with which Browne must comply with to avoid violating the terms of the agreement. The Court read this to Browne, Browne stated he understood, after both reading and hearing the terms, and was aware of these penalties. Browne

---

1. That sentence concludes with, "but he was concerned about the nature of the negotia- tions with him."

was aware of the consequences of the plea agreement. Browne signed the plea agreement[2] and satisfied the Court with his answers to the Court's questions, which are intended to ensure that a defendant voluntarily, intelligently, and knowingly enter a plea of guilty.[3] The Court found that the plea was voluntary and nothing produced has convinced the Court otherwise. The Court points Browne to page 14, lines 6–12:

> THE COURT: Now, in paragraph 11 [of the plea agreement] you are representing to the court that you have entered into this plea agreement freely and voluntarily and no threats or promises have been made to you to induce you to plead guilty, except those that are contained in this plea agreement. Is that correct?
>
> THE DEFENDANT: Yes, sir.

Browne's plea was voluntary, knowing, and intelligent.

### OTHER FACTORS

■ Other factors for the Court to consider are: (1) the plausibility and weight of the proffered reason; (2) the timing of the request; (3) whether the defendant asserted legal innocence; and (4) whether the parties had reached, or breached, a plea agreement. Each of these factors weighs against allowing Browne to withdraw his plea.

■ The plausibility and weight of the proffered reasons are slight. Browne makes nothing but unsupported allegations. The Court requires more than a

defendant having "garden-variety second thoughts and unhappiness" regarding his plea. *United States v. Richardson*, 225 F.3d 46, 52 (1st Cir.2000). Simply put, being "unhappy with [a] decision to plead guilty ... is not grounds for allowing a plea withdrawal." *United States v. Austin*, 948 F.2d 783, 787 (1st Cir.1991).

■ The timing of the request favors denial of Browne's request. The Court accepted Browne's plea of guilty on November 20, 2000. At no point during the change of plea hearing did Browne or his attorney assert Browne's innocence or displeasure or any other sentiment that would have placed doubt in the Court's mind. Browne did not file his motion to withdraw his plea of guilty until over four months later, on March 23, 2001, only one month before his April 23, 2001 date of sentencing. Browne's motions states the Court's sentiment well:

> While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses. *See United States v. Daniels*, 821 F.2d 76, 79 (1st Cir.1987); *United States v. Ramos*, 810 F.2d 308, 313 (1st Cir.1987); *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 ... (1975). Put another way, excessive delay saps strength from any proffered reason for withdrawal. *See Barker*, 514 F.2d at 222 (observing that, "if

---

**2.** Indeed, the Plea Agreement, as ¶ 11 states: *Voluntariness of Plea.* The defendant acknowledges that he has entered this plea freely and voluntarily, and that no threats or promises, other than the promises contained in this agreement, was made to induce him to enter this plea of guilty.

**3.** Paragraph 18 of the Plea Agreement states: *Understanding of Agreement.* By signing this agreement, the defendant certifies that he has read it (or that it has been interpreted to him in his native language). The defendant discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

the defendant has long delayed his withdrawal motion, ... the reasons given to support withdrawal must have considerable more force"). Here, [Browne]'s timing belies his rationale.

*United States v. Doyle*, 981 F.2d 591, 595 (1st Cir.1992) (Seven month delay in requesting withdrawal of plea). Browne's four month delay cannot be described as immediate. Rather, the long interval between the plea and the request undermines Browne's arguments and "saps strength from any proffered reason for withdrawal." *Id.* (Citing *Barker*, 514 F.2d at 222).

Prior to submitting the motion to withdraw the plea of guilty, the Court was unaware of any assertions by Browne of his innocence. Browne makes general reference that "at all times prior to his change of plea, [he] asserted that he is innocent ... and/or that the charge was time barred." No specifics follow. This factor also supports a denial of Browne's request.

The last factor also supports denying Browne's request. Browne and the Government reached and signed a plea agreement. The Court accepted Browne's voluntary plea of guilty on November 20, 2000. The Government has not, and Browne does not assert, that it has breached this agreement.

Wherefore, based upon the above reasoning, Browne's motion to withdraw his plea of guilty is **DENIED.**

**IT IS SO ORDERED.**