**UNITED STATES of America,**

**v.**

**Marta SANTOS [14], Angel Pabón Molina [16], Sylvia Janet López Vélez [17], Defendants.**

**No. CR. 02–042(HL).**

United States District Court,
D. Puerto Rico.

March 13, 2003.

---

Rachel Brill, Hato Rey, PR, for Defendants.

Pretrial Services, U.S. Pretrial Services, U.S. Probation, U.S. Probation Office, U.S. Marshal, U.S. Marshal Service, San Juan, PR, for U.S.

## ORDER

LAFFITTE, Chief Judge.

This is another unfortunate chapter in the history of this case on its way to the forum. Before the Court are a motion to withdraw a guilty plea by Defendants Marta Santos and a joint motion by Angel Pabón Molina and Sylvia Janet López to do the same. Santos plead guilty on September 18, 2002.[1] Pabón and López entered their changes of plea on July 1, 2002.[2] In the middle of what was to be the first of two jury trials, the Government dramatically moved to dismiss the indictment against all defendants who had not yet entered changes of plea. Santos, Pabón, and López then responded with their motions that they should be allowed to withdraw their pleas. Santos was the employee of Norman Olson, one of the defendants tried in the first trial. Pabón and López were co-owners of Saja Creative Projects, Inc., one of the companies that had contracts with the Puerto Rico Department of Education.

The two motions make basically the same arguments: that the movants entered guilty pleas based on their understanding that Victor Fajardo would testify against them; that the Government moved to dismiss the indictment in the middle of trial when it determined that Fajardo was not a reliable witness; and that the movants should be entitled to benefit from this dismissal just as the other defendants did.

1.  Docket no. 449.

2.  Docket nos. 339 & 342.

The Government has responded to the two present motions in different ways. With regard to Santos, it does not oppose the withdrawal of her guilty plea and requests that the charges pending against her be dismissed as well.[3] As to Pabón and López, however, the Government does oppose the withdrawal of their pleas.[4]

A motion to withdraw a guilty plea prior to imposition of a sentence may be permitted upon a showing of "any fair and just reason."[5] The defendant has the burden of persuasion on this matter.[6] In making its determination, a court may consider (1) the reason for the withdrawal; (2) the timing of the motion; (3) whether there was a plea agreement; and (4) any assertion by the defendant of innocence.[7]

In the present case, the Government does not oppose Santos' motion to withdraw and seeks dismissal of the charges against her. Therefore, the Court grants her motion to enter a change of plea and dismisses the case against her. The Court next must consider the motion by Pabón and López. The Court finds that, based on the following, they have met their burden of showing a fair and just reason to allow them to change their plea.

First, all the other contractors to the Department of Education have been the beneficiaries of the Government's unexpected dismissal. It strikes the Court as unfair to single out these two defendants and deprive them of this same windfall.

Second, Santos is in essentially the same situation as Pabón and López. She too was a contractor who plead guilty before the start of the trials. The Government, however, does not oppose her request to withdraw her plea. It is inconsistent for the Government to consent to Santos' withdrawal of her change her plea, while opposing the request of two other contractors to do the same. In its opposition to the motion of Pabón and López, the Government tries to distinguish their case by arguing that they were friends of Fajardo and conspired with him. Fajardo's grand jury testimony reveals, however, that although he was close to these two defendants, he also had José Omar Cruz go to them to ask for illicit payments. This is essentially the same tactic that Cruz and Fajardo used on the other contractors by threatening them with economic ruin if they did not consent to their extortion demands.

Third, at trial, Fajardo testified that he threatened the contractors with economic ruin if they did not make illicit payments. Prior to trial, however, he had told the Government that these payments were made willingly. At a hearing on the revocation of Fajardo's bail, the Government admitted that if it had known Fajardo was going to testify in this fashion, it would not have indicted the contractors.[8] It strikes the Court as anomalous and grossly unfair that the Government now wants to have these two individuals sentenced who—if the Government had known how Fajardo was going to testify—would never have been indicted in the first place, especially since the Government admitted in open court that the contractors were the victims in these events.

3. Docket no. 591.

4. Docket no. 590.

5. Fed.R.Crim.P. 32(e).

6. *United States v. Castro–Gomez,* 233 F.3d 684, 686–87 (1st Cir.2000).

7. *United States v. Hoyle,* 237 F.3d 1, 7 (1st Cir.2001); *United States v. Alvarez–Del Prado,* 222 F.3d 12, 15 (1st Cir.2000).

8. Docket no. 588, at 71–72.

Based on all of the above, the Court finds that Pabón and López have shown that there are fair and just reasons to allow them to withdraw their guilty pleas. This Court must apply the law in an even-handed manner. The Court expects the Government to behave in like fashion. If one defendant is allowed to withdraw her guilty plea, then these two other similarly situated defendants should be allowed to do so as well. What is good for the goose, after all, is good for the gander.

WHEREFORE, the Court grants the motions by Marta Santos (docket no. 556) and by Angel Pabón Molina and Sylvia Janet López (docket no. 543) to withdraw their guilty pleas. The charges pending against all three defendants shall be dismissed.

**IT IS SO ORDERED.**