USCA1 Opinion

 

 February 2, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1354 UNITED STATES, Appellee, v. JOSE RAMON COTAL-CRESPO, Defendant - Appellant. ____________________ No. 94-1355 UNITED STATES, Appellee, v. ANTONIO DE JESUS-DE JESUS, Defendant - Appellant. ____________________ No. 94-1356 UNITED STATES, Appellee, v. IVAN RODRIGUEZ-BOCACHICA, Defendant - Appellant. ____________________ ERRATA SHEET The opinion of this Court issued on January 30, 1995, is amended as follows: On page 8, second full paragraph, first line, delete the apostrophe in "Defendants'."  UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1354 UNITED STATES, Appellee, v. JOSE RAMON COTAL-CRESPO, Defendant - Appellant. ____________________ No. 94-1355 UNITED STATES, Appellee, v. ANTONIO DE JESUS-DE JESUS, Defendant - Appellant. ____________________ No. 94-1356 UNITED STATES, Appellee, v. IVAN RODRIGUEZ-BOCACHICA, Defendant - Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _____________________ Rachel Brill, with whom Benicio S nchez-Rivera, Federal _____________ _______________________ Public Defender, Carlos A. V zquez-Alvarez, Assistant Federal __________________________ Public Defender, and Mariangela Tirado, were on joint brief for __________________ appellants. Warren V zquez, Assistant United States Attorney, with whom ______________ Jorge E. Vega-Pacheco, Acting United States Attorney, was on ______________________ brief for appellee. ____________________ January 30, 1995 ____________________ -2- TORRUELLA, Chief Judge. The issue to be decided in TORRUELLA, Chief Judge. ___________ this appeal is whether the district court complied with the procedural safeguards mandated by Criminal Rule 11 prior to accepting the three defendants' guilty pleas. We conclude that the plea hearing conducted by the district court, while perhaps somewhat less than ideal, adequately met the requirements of Rule 11. We therefore affirm. BACKGROUND BACKGROUND On February 17, 1993, a federal grand jury in Puerto Rico indicted Jos Ram n Cotal-Crespo, Antonio De Jes s-De Jes s and Iv n Rodr guez-Bocachica, in Count I, of conspiring to possess with intent to distribute multi-kilograms of cocaine, in violation of 21 U.S.C. 846. In addition, the indictment alleged, in Counts II and III, that Cotal-Crespo used a communication facility (a telephone) in facilitating the commission of a drug trafficking offense, in violation of 21 U.S.C. 843(b). On March 3, 1993, the defendants entered pleas of not guilty. On June 8, 1993, the date their trial was scheduled to begin, defendants requested a change of their respective pleas to guilty. Defendants did not enter a plea agreement with the government. The district court held a change of plea hearing and subsequently accepted defendants' guilty pleas. Sentencing was scheduled for September 9, 1993. On August 11, 1993, defendants filed a pro se, joint ___ __ motion requesting withdrawal of their guilty pleas. The district -3- court appointed each defendant new counsel and the motion was argued on March 4, 1994. The district court denied the joint motion in an Opinion and Order issued the same day. Cotal-Crespo was eventually sentenced to 120 months on Count I and to 48 months on Counts II and III, to be served concurrently. Rodr guez-Bocachica and De Jes s-De Jes s were each sentenced to 120 months on Count I. Pending before this Court is defendants' consolidated appeal of the denial of their motion to withdraw their guilty pleas. DISCUSSION DISCUSSION Defendants advance two arguments in support of their contention that they should have been permitted to withdraw their guilty pleas pursuant to Criminal Rule 11. First, they contend that the district court failed to inform them of the nature of the charges against them and determine that they understood those charges. In support of this contention, defendants maintain that they believed that the eight kilograms of cocaine they were caught with could be split amongst them for sentencing purposes and that they were consequently prejudiced by the district court's failure to explain the nature of the conspiracy charge. Second, defendants contend that the district court failed to inform them of the consequences of their guilty pleas. They assert, inter alia, that the district court did not explain to _____ ____ them that by pleading guilty they waived their constitutional rights to a jury trial, to remain silent, and to confront witnesses against them. -4- I. The Legal Framework I. The Legal Framework ___________________ A. Rule 32(d) A. Rule 32(d) __________ A defendant may withdraw a guilty plea prior to sentencing only upon a showing of "fair and just reason" for the request. See United States v. Pellerito, 878 F.2d 1535, 1537 ___ _____________ _________ (1st Cir. 1989); see also Fed. R. Crim. P. 32(d). There are _________ several factors to consider in determining whether a defendant has met this burden, the most significant of which is whether the plea was knowing, voluntary and intelligent within the meaning of Rule 11. United States v. Allard, 926 F.2d 1237, 1243 _____________ ______ (1st Cir. 1991). The other factors include: 1) the force and plausibility of the proffered reason; 2) the timing of the request; 3) whether the defendant has asserted his legal innocence; and 4) whether the parties had reached a plea agreement. Pellerito, 878 F.2d at 1537. In this case, _________ defendants focus their argument on the alleged Rule 11 violations -- contending that these violations establish that their pleas could not have been knowing, voluntary and intelligent. B. Rule 11 B. Rule 11 _______ By entering a guilty plea, a defendant effectively waives several constitutional rights. For that waiver to be valid, due process requires that the plea amount to a voluntary and "intentional relinquishment or abandonment of a known right or privilege." McCarthy v. United States, 394 U.S. 459, 466, 89 ________ _____________ S. Ct. 1166, 22 L.Ed.2d 418 (1969) (quoting Johnson v. Zerbst, _______ ______ 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L.Ed.2d 1461 (1938)); -5- Allard, 926 F.2d at 1244. Rule 11 was intended to ensure that a ______ defendant who pleads guilty does so with an "understanding of the nature of the charge and the consequences of his plea." McCarthy, 394 U.S. at 467. ________ Rule 11 provides in pertinent part: (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the ___________ defendant personally in open court and _________________________________________ inform the defendant of, and determine _________________________________________ that the defendant understands, the ___________________________________ following: (1) the nature of the charge to which _________________________ the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider and applicable sentencing guidelines but may depart from those guidelines under some circumstances . . . and * * * (3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the ___ right to be tried by a jury and at that _________________________________________ trial the right to the assistance of _________________________________________ counsel, the right to confront and cross- _________________________________________ examine adverse witnesses, and the right _________________________________________ against compelled self-incrimination; and ____________________________________ (4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind so that by pleading guilty or nolo contendere the defendant waives the right to trial; and (5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has -6- pleaded, that the defendant's answers may later be used against him in a prosecution for perjury or false statement. (d) Insuring that the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is ____________________________ voluntary and not the result of force or _________ threats or of promises apart from a plea agreement. Fed. R. Crim. P. 11(c),(d) (emphasis added). We have distinguished between "technical" violations of Rule 11 and violations of the rule's "core concerns," and held that a violation that "implicates one of the rule's 'core concerns' mandates that the plea be set aside." United States v. _____________ Medina-Silverio, 30 F.3d 1, 3 (1st Cir. 1994) (citing Allard, 926 _______________ ______ F.2d at 1244). Rule 11's core concerns are: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Allard, 926 F.2d at 1244- ______ 45.1 In determining whether there has been a core violation, we review the totality of the circumstances surrounding the Rule 11 hearing, rather than apply a "talismanic test." See id. at ___ __ 1245 (citing United States v. Dayton, 604 F.2d 931, 939 (5th Cir. _____________ ______ 1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1080, 63 L.Ed.2d ____________ 320 (1980)). What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the  ____________________ 1 See infra n.5. ___ _____ -7- communication. See Medina-Silverio, 30 F.3d at 3 (emphasizing ___ _______________ that there is no "formula of 'magic words' in meeting the requirements of Rule 11"). At a minimum, Rule 11 requires that the trial court address the defendant personally in open court to ascertain that his plea is "voluntary and intelligent." See id. ___ __ at 2-3 (citing Fed. R. Crim. P. 11(c)). In the absence of a total failure to address one of Rule 11's core concerns, the question is whether irregularities in the plea-taking proceeding affected the defendant's "substantial rights." Fed. R. Crim. P. 11(h). Other than for errors of law, we will overturn the trial judge's decision not to allow the withdrawal of a guilty plea only for "demonstrable abuse of discretion," and the trial court's subsidiary findings of fact in connection with the plea-withdrawal motion are reviewed only for clear error. Allard, 926 F.2d at 1245 (citing ______ Pellerito, 878 F.2d at 1538). _________ II. The Nature of the Charges II. The Nature of the Charges _________________________ Defendants contend that the trial court failed to determine that they understood the nature of the charges against them, as required by Rule 11(c)(1). See United States v. Ruiz- ___ _____________ _____ Del Valle, 8 F.3d 98, 102 (1st Cir. 1993). Defendants maintain _________ that they believed that the eight kilograms of cocaine could be "somehow split among the three for sentencing," and, therefore, assert that they were prejudiced by the trial court's failure to explain that each of them would be held responsible for the cocaine found in their collective possession, regardless of any -8- stated intention to later split the drugs. There are two central difficulties with this argument. First of all, the amount of drugs for which each defendant is held responsible is an issue relevant to sentencing, not to a particular defendant's guilt. See United States v. Musa, 946 ___ ______________ ____ F.2d 1297, 1305 (7th Cir. 1991); United States v. Young, 927 F.2d _____________ _____ 1060, 1065 (8th Cir.), cert. denied, __ U.S. __, 112 S. Ct. 384, ____________ 116 L.Ed.2d 334 (1991).2 Secondly, the trial court personally addressed each defendant and discussed with him the maximum and minimum penalties provided by law for his offense. After fully explaining the guideline ranges, the court informed each defendant that the minimum sentence on Count I is 120 months. _______ When asked if they understood this, each defendant answered in the affirmative. In addition, the trial court personally addressed each defendant and asked him to "tell his story" with  ____________________ 2 Defendants rely heavily on the following statement by Cotal- Crespo's attorney during the plea hearing. THE COURT: It is a 120-month minimum. The base offense level will be 32, but you say that has nothing to do with the minimum. MR. LAWS: The minimum allowable is 120, and at the time of sentencing we will argue to the Court to reduce it. But at this time that is what we have before the Court. Defendants maintain that this statement illustrates that they believed the amount of drugs could be divided for purposes of sentencing. This may be true, but it also reveals that Cotal- Crespo's attorney recognized that the amount of drugs attributable to each defendant was a question for sentencing, not the plea hearing. -9- respect to the charges against him. In telling their respective stories, none of the defendants gave the slightest indication that they disputed the amount of drugs involved or their role in the transaction vis-a-vis the total amount of drugs. Defendants also argue that they must be allowed to withdraw their guilty pleas because the trial court did not read or explain the charges to them. Our review of the plea hearing transcript reveals that the trial court did not read the charges nor did it explain the law of conspiracy. It is not necessary that the explanation of the charges come directly from the court, however, if it can be discerned from a review of the proceeding that the defendant nevertheless understood the charges. See Allard, 926 F.2d at 1246 (citing ___ ______ Dayton, 604 F.2d at 943). See also United States v. Musa, 946 ______ ________ _____________ ____ F.2d 1297, 1305 (7th Cir. 1991); United States v. Darling, 766 _____________ _______ F.2d 1095, 1099 (7th Cir.) (citing cases), cert. denied, 474 U.S. ____________ 1024, 106 S. Ct. 579, 88 L.Ed.2d 561 (1985); United States v. ______________ Cusenza, 749 F.2d 473, 476 (7th Cir. 1984); United States v. _______ ______________ Gray, 611 F.2d 194, 200 (5th Cir.), cert. denied, 446 U.S. 911, ____ ____________ 100 S. Ct. 1840, 64 L.Ed.2d 264 (1980); United States v. ______________ Coronado, 554 F.2d 166, 173 (5th Cir.), cert. denied, 434 U.S. ________ _____________ 870, 98 S. Ct. 214, 54 L.Ed.2d 149 (1977). Thus, where the prosecutor's statement or the defendant's description of the facts sets forth all elements of the offense and the conduct of the defendant that constitutes the offense, "the defendant's admission that the allegations are true is sufficient evidence -10- that he understands the charge." Darling, 766 F.2d at 1099. See _______ ___ Allard, 926 F.2d at 1246. ______ In this case, each defendant stated at the plea hearing that he went, together with the other two defendants, to buy the drugs. In addition, Cotal-Crespo admitted to making phone calls with respect to the drug transaction. Thus, each defendant's admission of the events underlying the transaction accurately described the elements of a violation of 21 U.S.C. 846 -- an agreement to buy a large amount of drugs3 -- and Cotal-Crespo's admission described the elements of a violation of 21 U.S.C. 843(b). Moreover, each of the defendants agreed with the prosecutor's detailed summary of the facts the government would prove at trial, which also included a description of all the elements of both charges. The manner in which the charge is explained and the method for determining the defendant's understanding of the charge will vary from case to case depending upon the complexity of the charges, the capacity of the defendant, and the attendant circumstances. Allard, 926 F.2d at 1245. See also Darling, 766 ______ ________ _______ F.2d at 1098. "[W]hile the subtleties of conspiracy law may be the bane of criminal law students, the basic principle is easily understood: a group of people agreeing to do something illegal."  ____________________ 3 The Supreme Court has recently held that, in order to establish a violation of section 846, the government need not prove the commission of any overt acts in furtherance of the conspiracy. United States v. Shabani, __ U.S. __, 115 S. Ct. ______________ _______ 382, 385-86, 130 L.Ed.2d 225 (1994). Accord United States v. ______ _____________ Paiva, 892 F.2d 148, 155 (1st Cir. 1989).  _____ -11- United States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987). We ______________ ______ find nothing in the record to indicate that the defendants did not understand the drug conspiracy charge.4 Rather, the plea hearing indicates that the defendants knew exactly what they were charged with and voluntarily made the decision to plead guilty. III. Consequences of Guilty Plea III. Consequences of Guilty Plea ___________________________ The defendants also contend that the trial judge failed to inform them of the consequences of their guilty pleas. Specifically, they claim that the court failed to determine that they understood and waived their rights to remain silent, to a jury trial, and to confront witnesses against them. In addition, they contend that the court did not explain the possibility of departure from the guidelines or counsel the defendants about the possibility of a later prosecution for perjury based upon their statements at the Rule 11 hearing. We necessarily turn to an examination of the plea colloquy. The trial court began by asking each defendant whether  ____________________ 4 Contrary to defendants' assertions, our decision in United ______ States v. Ruiz-Del Valle, 8 F.3d 98 (1st Cir. 1993), is ______ _______________ distinguishable. In that case we found the change of plea hearing defective as to the firearms count for two reasons: 1) the charge was neither read nor explained to the defendant by the trial court and the government made only a fleeting mention of the firearms count in its outline of the evidence; and 2) the defendant made a statement during the plea hearing which should have put the trial court on notice that she did not understand the firearms charge. Id. at 103. We also held in Ruiz-Del Valle __ ______________ that the defendant should be allowed to withdraw her guilty plea because it would be a miscarriage of justice not to in light of the trial court's subsequent finding in the case of defendant's husband that there was an insufficiency of the evidence on the firearms count. Id. at 104. These exceptional circumstances are __ not present in the instant case. -12- he had read and understood the petition questions, and whether he had consulted with his attorney regarding those questions and his answers. Each defendant answered in the affirmative. The court then asked the standard questions to determine whether the defendants were competent to plead and whether they were satisfied with their attorneys. The court asked each defendant whether he remembered reading and answering questions about his right to a jury trial and whether he understood that if he pleads guilty he will be found guilty without a trial. The defendants responded in the affirmative to all these questions. Next, the court asked each of the defendants to give their "story" with respect to the charges against them, which each defendant did. Then the government gave a detailed summary of the evidence it would prove at trial and each defendant indicated his agreement with the government's recitation of the pertinent evidence. The court then informed each defendant of the maximum and minimum penalties provided by law for the charged offenses and received their assurances that they understood their potential sentences. Finally, the court asked each defendant whether, knowing the possible penalties, including the mandatory minimum of 120 months, they wanted to plead guilty. Each defendant answered in the affirmative. The court did not specifically ask the defendants whether they knew and understood their rights to remain silent and to confront witnesses against them, nor did it mention the possibility of departure or a perjury charge. -13- It is abundantly clear from the transcript of the hearing that the defendants understood the nature of the charges against them, understood their right to a jury trial, understood their potential sentences, agreed with the prosecutor's recitation of what the government would prove at trial, and, most importantly, acknowledged, with no perceptible hesitation, their guilt based on those allegations. Moreover, there was no need to discuss departure from the guidelines because all the parties agreed that there was a statutory minimum of 120 months. The narrow question for decision, therefore, is whether the failure of the trial court to specifically mention the right to remain silent, the right to confront witnesses, and the possibility of a perjury charge, standing alone, mandates that defendants be permitted to withdraw their guilty pleas. We conclude, based on the totality of the circumstances, that it does not. The district court explained, and determined on the record that the defendants understood many of the "consequences" of their guilty pleas. This is, therefore, not a case of a "total failure" to address one of Rule 11's core concerns. See ___ Allard, 926 F.2d at 1244-45 (citing McCarthy, 394 U.S. at 471- ______ ________ 72.5 The question, therefore, is whether the district court's  ____________________ 5 We note with interest the experience of the Fifth Circuit, which recently overruled its long held position that a "total failure" to address one of Rule 11's core concerns warrants a per ___ se reversal. See United States v. Johnson, 1 F.3d 296, 297 (5th __ ___ _____________ _______ Cir. 1993) (en banc). Under its prior jurisprudence, the Fifth Circuit distinguished between the total and partial failure to address Rule 11's core concerns, holding that the former required per se reversal while the latter was judged under the harmless ___ __ error standard of Rule 11(h). See, e.g., United States v. ___ ____ ______________ -14- failure to inform the defendants of all of the consequences of their pleas, as delineated by Rule 11, "affected defendants' substantial rights." See Fed. R. Crim. P. 11(h). For the ___ reasons explained below, we conclude that Rule 11's core concern that defendants understand the consequences of their plea was adequately addressed in this case and that the defendants' substantial rights were not violated. We therefore hold that the district court's failure to explicitly address all of Rule 11's  ____________________ Pierce, 893 F.2d 669, 679 (5th Cir.1990). Although we have ______ phrased the analysis in somewhat different fashion, our jurisprudence in this area is similar to the approach rejected by the Fifth Circuit in Johnson. See generally, Allard, 926 F.2d at _______ _____________ ______ 1244-45. In Johnson, the court reasoned that the genesis for the _______ total/partial failure dichotomy was the Supreme Court's 1973 decision in McCarthy, which antedated the amendment of Rule 11 ________ with section (h). See Johnson, 1 F.3d at 300. In the Fifth ___ _______ Circuit's view, the per se reversal rule for core violations _______ "should have been supplanted by the 1983 addition of section (h) to Rule 11." Id. The court therefore held that, henceforth, it __ would, regardless of the type of alleged Rule 11 violation, engage in a straightforward, two-question 'harmless error' analysis, asking, first, whether the sentencing court varied from the procedures required by Rule 11, and, second, if it did, whether the variance affected the substantial rights of the defendant. Id. In determining whether a Rule 11 error is __ harmless, the court stated that it would "focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." Id. at 301. The Fifth Circuit qualified its __ opinion, however, by noting that it is difficult to imagine a situation where a trial court's entire failure to mention a core concern would not "affect substantial rights." Id. at 301 n.26. __ At least at first blush, we find the Fifth Circuit's opinion in Johnson persuasive. Because this is not a "total failure" _______ case, however, we need not decide just how persuasive. Moreover, we think it would be imprudent to do so considering that the parties in this case did not brief the issue and, in any case, it is an issue best left to the full court's review. -15- requirements was harmless error. The record of the plea hearing is replete with evidence that the defendants understood the charges against them, faced up to them, and chose voluntarily to plead guilty. It is clear also that the defendants understood that they had the right to persist in their innocence and go to trial, and that they had read and understood the petition questions, which explained that they had the right to remain silent and to confront witnesses against them. Moreover, the trial court meticulously explained, and ensured on the record that the defendants understood, the maximum and minimum statutory penalties and their sentencing guideline ranges. Each defendant stated on the record that he understood that his minimum sentence would be 120 months. Finally, we are mindful of the traditional factors relevant to the review of a change of plea request.6 First, defendants waited two months before deciding that they did not understand the consequences of their guilty pleas. Second, defendants have not asserted their legal innocence. Third, defendants have not argued, much less attempted to show, that the knowledge that they had the right to remain silent and to confront the witnesses against them at trial would have materially affected their decisions to plead guilty. Defendants argue that our decision in Medina-Silverio _______________ requires reversal. In that case, however, we held only that:  ____________________ 6 Although the traditional factors are somewhat dwarfed in this case by the alleged core Rule 11 violations, they nevertheless remain relevant to our totality of the circumstances analysis. -16- Where a district court neither conducts a direct personal interrogation, nor advises the defendant of his rights, all substantially as required under Rule 11, there can be no sufficient basis for finding that the guilty plea was voluntary, intelligentor otherwise valid. Medina-Silverio, 30 F.3d at 3. Thus, a trial court's reliance _______________ solely on answers provided by a defendant in a written document ______ is insufficient for purposes of Rule 11. In this case, in addition to answers provided in a written document, however, the court personally and meticulously addressed each of the defendants with respect to the alleged facts underlying the charges against him, his right to a jury trial and the maximum and minimum sentences. CONCLUSION CONCLUSION In 1968, the Supreme Court explained that Rule 11 was designed, at least in part, to produce a complete record to enable reviewing courts to determine, based on a cold transcript, whether a plea was voluntary. The Court thus commented that: [T]he more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas. McCarthy, 394 U.S. at 465. Although we conclude that the Rule 11 ________ hearing in this case was adequate, we are nevertheless compelled to remind district courts that, for the sake of judicial economy and fundamental fairness, the best way to ensure that Rule 11 is complied with is to explicitly comply with Rule 11. -17- The judgment of the district court is affirmed. affirmed ________ -18-