**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-2454

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD DIAZ-BAERGA,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fuste, U.S. District Judge]

---

Before

Boudin, Chief Circuit Judge,
Torruella and Howard, Circuit Judges.

---

Lisa Aidlin was on brief for appellant.
H.S. Garcia, United States Attorney, Sonia I. Torres, Assistant United States Attorney, Chief, Criminal Division, and Timothy R. Henwood, Assistant United States Attorney, were on brief for appellee.

---

July 15, 2003

---

**Per Curiam**.  In April 2002, Richard Diaz-Baerga ("Diaz") pleaded guilty to conspiracy to possess with intent to distribute cocaine and aiding and abetting the possession of a firearm during and in relation to a drug trafficking offense.  See 21 U.S.C. § 846, 18 U.S.C. § 924(c)(1)(A).  He appeals the district court's acceptance of his guilty plea as to the firearms charge, contending that the court inadequately explained the charge during his Rule 11 hearing.  We affirm.

## I.  Factual and Procedural Background

In February 2001, Diaz and his wife, Keila Medina-Roman ("Medina"), both police officers with the Commonwealth of Puerto Rico Police Department, met with a cooperating witness posing as a drug dealer and agreed to assist in the transport of what they believed to be a shipment of cocaine.  Diaz transported a shipment in March 2001 while carrying a firearm, and Medina provided escort and protection during the transfer.  Diaz and Medina received $10,000 for their services.  They later recruited two other individuals and participated in a second shipment in June 2001, receiving $5,000 each.

On November 26, 2001, a grand jury indicted Diaz and the three other participants.  Diaz was charged in seven counts, including conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846; aiding and abetting the possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. §

-2-

924(c)(1)(A)(i); aiding and abetting interference with commerce by threats or violence, 18 U.S.C. § 1951; and attempting to possess cocaine with intent to distribute, 21 U.S.C. § 846. The indictment also included forfeiture allegations. At his arraignment, Diaz entered a plea of not guilty on all charges.

On April 26, 2002, Diaz changed his plea to guilty on two of the charges -- conspiracy to possess narcotics with intent to distribute (Count I) and aiding and abetting the possession of a firearm during and in relation to a drug trafficking crime (Count II) -- and accepted the forfeiture allegations in the indictment. The government agreed to dismiss the remaining charges. Following a Rule 11 hearing, the district court accepted Diaz's plea.

Diaz was later sentenced to ten years' imprisonment on the conspiracy charge and five years' imprisonment on the firearms charge, with these terms to be served consecutively. Diaz was also sentenced to four years and two years of supervised release on the two charges, respectively, with the terms to be served concurrently. Diaz was ordered to forfeit $15,000, and to pay a special monetary assessment of $200. This appeal followed.

## II. Analysis

Diaz contends that the district court failed to adequately explain the firearms charge, in particular that the carrying or use of the firearm must be "in relation to" the drug trafficking offense. He argues that his plea as to that charge was

not intelligent and voluntary, and that he should therefore be allowed to withdraw it.[1]  Having failed to raise this issue before the district court, Diaz is entitled only to plain error review.  United States v. Vonn, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002); United States v. Hoyle, 237 F.3d 1, 5 (1st Cir. 2001).  Under this standard, Diaz bears the burden of establishing that "the outcome would likely have been different if the error had not occurred."  Hoyle, 237 F.3d at 5.  He also must show that the error affected substantial rights, and "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  United States v. Gandia-Maysonet, 227 F.3d 1, 4 (1st Cir. 2000) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)(alteration in original)); see also Hoyle, 237 F.3d at 5.

We consider the totality of the circumstances in determining whether plain error has occurred, and whether Diaz's plea was voluntary, intelligent, and knowing.  United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the communication."  United States v. Cotal-Crespo, 47 F.3d 1, 4-5 (1st Cir. 1995).

---

[1]Diaz does not challenge his plea on the conspiracy count or contest the forfeiture allegations.

Diaz contends that the district court's description of the firearms charge, reproduced in the margin,[2] improperly led him to believe that merely carrying a firearm made him guilty of the crime. Considering the colloquy in its entirety, however, the district court did not misstate the elements of the offense. The court stated the nexus that the government would have to prove, namely that the use or carriage of the firearm facilitated the drug-trafficking crime. United States v. Ortiz de Jesús, 230 F.3d 1, 5 (1st Cir. 2000). Even if we assume, arguendo, that the district court's explanation was lacking, Diaz fails to meet his considerable burden of proof under the plain error standard. For instance, Diaz fails to even allege -- let alone prove -- that the outcome likely would have been different if the firearms charge had been described differently.

---

[2]THE COURT: Count Two of the indictment charges you with the following: That you knowingly carried a firearm during and in relation to the drug trafficking offense, and that is why you knowingly and intentionally joined and acted in the conspiracy that we have just discussed, to possess with intent to distribute in excess of 5 kilos of cocaine. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: In the context of this case, it means in very simple terms that you, obviously, as a police officer you have firearms, you used them, you carried them while you were committing these crimes, do you understand that?
THE DEFENDANT: Yes.
THE COURT: And the use and the carrying of these firearms would allow you, to help you in a way to commit the offenses. It's a lot easier. It's a convenient thing to have firearms when you are a drug dealer. Do you understand that?
THE DEFENDANT: Yes.
Hr'g Tr. (Apr. 26, 2002) at 10:17-11:22 (Docket No. 139).

Diaz also contends that the district court erred in failing to require him to provide a description of what he had done to commit the firearms offense.  In considering the totality of the circumstances surrounding a guilty plea, such a description may be useful evidence in defeating a defendant's claim that he lacked understanding of the charges against him.  Cotal-Crespo, 47 F.3d at 5-6.  The absence of such evidence does not, however, demonstrate that the defendant did not understand the charges.  See id.

**<u>Affirmed</u>**.