**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Ismael RIVERA–BERNEY, Defendant.**

**Criminal No. 11–241 (DRD).**

United States District Court,
D. Puerto Rico.

July 16, 2012.

G. Andrew Massucco–Lataif, United States Attorneys Office, San Juan, P.R, for Plaintiff.

## AMENDED OPINION AND ORDER AS TO WITHDRAWAL OF PLEA

DANIEL R. DOMÍNGUEZ, District Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The defendant entered into a plea agreement on April 3, 2012 before Magistrate Judge Vélez–Rivé (Docket Nos. 1578, 1579, signed plea agreement and supplement). Co-defendant Rivera–Berney agreed to proceed before the Magistrate Judge (Docket No. 2028, page 5). Magistrate Judge Vélez–Rivé entered a Report and Recommendation on April 23, 2012, recommending that the Court accept the plea agreement (Docket No. 1596). Co-defendant Rivera–Berney later opposed the Report and Recommendation on account of an alleged inconsistency in the Government's representation that three conspirators may or may not testify against co-defendant Rivera–Berney (Docket No. 1618). Despite co-defendant Rivera–Berney's opposition, the Court accepted the plea agreement on May 18, 2012 (Docket No. 1795) because co-defendant Rivera–Berney's opposition was not factually cor-

rect as only one of the three witnesses would not testify due to misconduct. At the hearing to withdraw the plea, the United Stated proffered that three additional witnesses would testify against co-defendant Rivera–Berney. Based on the fact that the Court knew that at least two conspirators would still testify, the Court adopted the Report and Recommendation of Magistrate Judge (Docket No. 1596) and now formally **DENIES** the objection thereto (Docket No. 1618).

The Court finds that the Honorable Magistrate Judge Vélez–Rivé performed a thorough, comprehensive plea colloquy before determining that the plea agreement was a "knowing and voluntary" plea as to co-defendant Rivera–Berney. Amongst other questions, the Magistrate Judge inquired as to his voluntariness to proceed to a plea before a Magistrate Judge (Docket No. 2028, page 5) and co-defendant Rivera–Berney's competency to understand the procedure (Id., at pages 2–4). Co-defendant Rivera–Berney was advised as to his constitutional rights, including being assisted by Counsel during the trial, and further as to all rights waived related to a trial. He was also advised that by pleading guilty these rights would be waived (Id. at pages 5–9). Co-defendant Rivera–Berney was asked if he was being coerced or threatened in any way and he answered in the negative (id. at page 11). The Court notes that co-defendant Rivera–Berney was warned that he would be facing a statutory sentence of a minimum of ten (10) years to life; in fact double life (Id. at pages 11–12). Also, co-defendant Rivera–Berney was facing an advisory guideline sentence of 135 to 168 months because the drug amount was not less than five (5) and not more than fifteen (15) kilograms of cocaine (level 32, plus two points for a drug violation of trafficking in protected location that is at least less than 1,000 feet of a school or a public playground; plus a two point enhancement for an aggravated role of leader/owner of drugs for a total unadjusted final level of 36). He was to receive a credit of three points for a timely acceptance of responsibility for a total guideline level of thirty-three (33), meaning a sentence of 135 to 168 months pursuant to the advisory sentencing guidelines. The specific agreement reached by the parties was that the defense Counsel would argue for not less than 144 months and the United States for not more than 168 months. As a further mitigating circumstance, neither party would argue co-defendant Rivera–Berney's criminal history of two prior federal felony drug convictions (Id. at page 13). Also noteworthy is that codefendant Rivera–Berney specifically accepted responsibility for five (5) to fifteen (15) kilos of cocaine (Id. at page 11).

The sentencing judge had the liberty and discretion to sentence co-defendant Rivera–Berney pursuant to, or above or below the advisory guidelines and/ or pursuant to the statutory maximum (Id. at page 10). Co-defendant Rivera–Berney was also advised of a supervised release term of five (5) years, which would be doubled because of trafficking illegal drugs next to a school or a public park. He was also advised as to a potential 20 million dollar ($20,000,000.00) fine. (Id. at page 12), and of a fine of $100.00 per count (Id.). The Government's version of facts included the count of a conspiracy of possession with intent to distribute five (5) to fifteen (15) kilos of cocaine, which "the defendant explicitly accepted at the written plea agreement" (Docket No. 1578, page 12), and ownership of the drugs for a two point enhancement (Id.). Co-defendant Rivera–Berney also explicitly accepted knowing that the conspiracy involved use of weapons (however, no enhancement points were attributed to the weapons) (Docket No. 2028, page 19). The substantive weapons

charge (18 U.S.C. § 924(c)) was in fact eliminated from the written plea agreement as the United States admitted to erroneously including such charge in the document (*Id.* at page 19 and Docket No. 1578, page 13)[1]. Finally, co-defendant Rivera–Berney pled guilty at the end of the plea colloquy (Docket No. 2028, p. 23).

On June 12, 2012, two months and nine days thereafter, co-defendant Rivera–Berney filed a motion to withdraw the plea (Docket No. 1907). Counsel adroitly pleads all the elements to withdraw from the plea but without any factual substantive analysis. Counsel simply calls the plea a "hastily entered plea" (*Id.* at page 3). The Court strongly disagrees.

## II. THE LAW

■ A plea constitutes "a grave and solemn act to be accepted only with care and discernment." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *see also United States v. Francisco Parra–Ibañez,* 936 F.2d 588, 598 n. 24 (1st Cir.1991) (stating that a guilty plea is not "a mere gesture, a temporary a meaningless formality revocable at a defendant's whim but rather 'a grave and solemn act' which is 'accepted only with care and discernment.' ") (Advisory Committee Notes to Rule 11(h) of the Federal Rules of Criminal Procedure) (quoting *U.S. v. Barker,* 514 F.2d 208 (D.C.Cir. 1975)) (quoting *Brady v. U.S.,* 397 U.S. at 748, 90 S.Ct. 1463); *see also Miranda–Gonzalez v. United States,* 181 F.3d 164, 165 (1st Cir.1999). However, a plea agreement is not, on the other hand, a contract based on steel. A defendant may withdraw from a plea based on a "fair and just reason." *United States v. Parrilla–Tirado,* 22 F.3d 368, 371 (1st Cir.1994); *see also* Fed.Crim. P. 32(e); *United States v.*

*Torres–Rosa,* 209 F.3d 4, 8 (1st Cir.2000); *United States v. Marrero–Rivera,* 124 F.3d 342, 347 (1st Cir.1997) (standing for the proposition that "[t]here is no absolute right to withdraw a guilty plea prior to sentence" and reiterating the standard of "fair and just" reason). The burden to disengage from a plea agreement is on the defendant. *United States v. Isom,* 85 F.3d 831 (1st Cir.1996). District courts have discretion in determining whether a withdrawal of a guilty plea is proper, thus preventing "manifest injustice" to the defendant. The determination is reviewable only for abuse of discretion, because, as Hon. Circuit Judge Bruce Selya noted in *U.S. v. Kobrosky,* 711 F.2d 449, 457 (1st Cir.1983), "[t]his astringent standard for post-sentencing plea withdrawal motions is intended to prevent a defendant from testing the waters of potential punishment, and then withdrawing the plea if he or she finds the current too swift."

■ There are several factors involved. The first constitutes whether the plea was "voluntary and knowing" within the meaning of Rule 11. *U.S. v. Cotal–Crespo,* 47 F.3d 1, 3 (1st Cir.1995), cert. denied, 516 U.S. 827, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995). As to the criteria of "voluntarily and knowingly," there are three "core" concerns under Rule 11, to wit: (1) voluntariness, *i.e.* absence of coercion; (2) understanding the charge; and (3) knowledge of the consequences. *Marrero–Rivera,* 124 F.3d at 348 n. 7. Further, as to a "fair and just reason," the Court must examine the proffered reason, the timing, and the legal innocence plea of the defendant, in addition to the voluntariness of the plea.

## III. ANALYSIS

■ We first examine the voluntariness of the plea, meaning absence of coercion,

1. Co-defendant Rivera Berney was not indicted of violations to 18 U.S.C. § 924(e). See Count Five of the indictment at Docket No. 3, pages 42–43.

understanding of the charge and knowledge of the consequences. As stated above, co-defendant Rivera–Berney was asked if he had been threatened and/or coerced to plead guilty—co-defendant Rivera–Berney clearly stated "no" (Docket No. 2028, page 4). Co-defendant Rivera–Berney accepted responsibility within the conspiracy to possess with intent to distribute an amount no less than five (5) but no more than fifteen (15) kilos of cocaine (*Id.* at page 11, Docket No. 1578, pages 1–2). He was advised as to the consequences in terms of potential guidelines and statutory sentences, the applicable fines and supervised release term, together with a forfeiture count (Docket No. 2028, pages 11–17 and Docket No. 1578, pages 1–7). Co-defendant Rivera–Berney understood the charge as he signed the plea agreement, which described the charge. Also, counsel for co-defendant Rivera–Berney waived the reading of the superseding indictment as co-defendant Rivera–Berney accepted that the charge was explained to him by counsel (Docket No. 2028, pages 4 and 21 (waiver of the reading of the indictment)). Hence, co-defendant Rivera–Berney understood the plea agreement, the consequences and admitted not having been coerced to enter into a plea.

■ The Court now examines the remaining criteria to withdraw a plea as to being "fair and just" and as to the retraction of co-defendant Rivera–Berney. The reason provided by co-defendant Rivera–Berney is that since the United States eliminated the weapons charge, the total sentence should be reduced by at least 60 months. *Prima facie,* the reason seems plausible. However, the problem is that both counsel for the defense and co-defendant Rivera–Berney accepted at the withdrawal hearing held on July 12, 2012 that the negotiation was based upon the totality of the sentence and not based upon a term of imprisonment to be imposed by each count. Hence, the alleged elimination of the weapons count has no significance if the sentence remained the same. Hence, eliminating the weapons count and/or the months to be served for such a count is insignificant because the total amount bargained for during the negotiation of the plea agreement remained the same as the negotiation was based on an accepted totality of the sentence.

As to the timing criteria (two months after the plea), the Court accepts that it is reasonable and is thus on the side of co-defendant Rivera–Berney.

The third and final element is "cut and dry." *Torres Rosa,* 209 F.3d at 9. Co-defendant Rivera–Berney, on the one hand, balks at accepting in the drug count at the hearing not less than five (5) but not more than fifteen (15) kilos of cocaine. But on the other hand, co-defendant Rivera–Berney accepts responsibility for two (2) but less than five (5) kilos of cocaine and also acknowledges the owner/leadership role. Hence, defendant is not "asserting his innocence." *Torres–Rosa,* 209 F.3d at 9.[2]

Co-defendant Rivera–Berney is thus attempting to withdraw from a plea calling for a potential sentence wherein the judge is not obligated, of not less than 144 months to be requested by co-defendant Rivera–Berney's counsel and alternatively up to 168 months requested by the Assis-

---

**2.** Co-defendant Rivera–Berney does not balk as to his role as a leader/owner. The Government may easily prove that co-defendant Rivera–Berney, by foreseeability, knew or should have known that weapons were used within the conspiracy. No points were added for foreseeable knowledge as to weapons. Further, co-defendant Rivera–Berney overlooks that as an owner/supplier, he supervised a larger number of conspirators, thereby increasing his role as a leader based on more than two co-defendants supervised.

tant United States Attorney, based mainly on a "second thought about the wisdom of his earlier decision." That specific reason fails to constitute a plausible basis for a withdrawal of a prior entered plea. *Torres–Rosa,* 209 F.3d at 9 (citing *Parrilla–Tirado,* 22 F.3d at 371).

■ Although the Court must examine the "totality of circumstances," *Torres–Rosa,* 209 F.3d at 8, determining whether to authorize a withdrawal of plea, the lack of a claim of innocence "cuts sharply against allowing [co-defendant Rivera–Berney's] motion to withdraw the plea." *Parrilla–Tirado,* 22 F.3d at 373. Hence, the totality of circumstances are against the defendant, specifically the elements of voluntariness, of absence of a claim of innocence and the lack of a valid proffered reason. The only criterion in his favor is that co-defendant Rivera–Berney filed the request in a timely fashion. Consequently, the motion to withdraw the plea agreement filed by co-defendant Ismael Rivera–Berney (Docket No. 1907) is hereby **DENIED.** Co-defendant Rivera–Berney is thus to be sentenced on the date originally scheduled.

**IT IS SO ORDERED.**

