[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2436

UNITED STATES,

Appellee,

v.

LAWRENCE B. HILTZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Jack M. Atwood on brief for appellant.
James B. Farmer, United States Attorney, and Lori J. Holik, Assistant U.S. Attorney, on brief for appellee.

---

**July 24, 2001**

---

**Per Curiam**. Lawrence B. Hiltz appeals from the denial of his motion to withdraw his guilty plea. Hiltz moved to withdraw his plea prior to sentencing. Therefore, the court was permitted to grant the motion for "any fair and just reason." Fed.R.Crim.P. 32(e). In reviewing plea withdrawal rulings, this court "accord[s] considerable deference to the firsthand assessment ultimately made by the district court, which must be affirmed absent a demonstrable abuse of discretion." United States v. Marrero-Rivera, 124 F.3d 342, 348 (1st Cir. 1997). In particular, "the factfinding underlying the plea withdrawal ruling may not be set aside for anything less than 'clear error.'" Id. at 347. Because we conclude that the district court's determination that the plea was knowing and voluntary was neither clear error nor an abuse of discretion, we affirm.

I. Background

Hiltz pled guilty to one count of conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 371, and multiple counts of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320. He entered his plea, pursuant to a written plea agreement, after seven days of jury trial. Represented by new counsel, he filed his motion to withdraw his guilty plea after the presentence report was

issued, but before sentencing. The district court held a hearing and Hiltz submitted affidavits in support of the motion. He did not request an evidentiary hearing and none was held. The court considered the affidavits and rejected Hiltz' claims that he did not understand the charges against him and that he had received ineffective assistance of counsel which invalidated his plea.

On appeal, Hiltz argues that: 1) his plea violated core concerns of Fed.R.Crim.P. 11 because Hiltz did not understand the charges to which he was pleading guilty and 2) he received ineffective assistance of counsel because his attorney misinformed him about the sentencing consequences of his plea and pressured him to plead guilty.

II. <u>Understanding of the Charges</u>

In his brief on appeal, Hiltz makes only vague references to his claim that he did not understand the charges against him. He does not identify the specific elements of the charges that he did not understand. Having failed to make a developed argument on appeal, Hiltz has waived this issue. <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

Even if he had not waived the argument, however, it would not entitle him to relief. In his motion to withdraw

his guilty plea, Hiltz argued that he pled guilty without an understanding of the charges against him. In his affidavit accompanying that motion, he stated that when he pled guilty he was "confused, and did not have any understanding as to what it was I was pleading guilty to." More specifically, he recounted that at the change-of-plea hearing he denied that he had conspired with Mr. Leppo and that he had "knowingly" trafficked in counterfeit goods. Hiltz stated in his affidavit that he now understands that "the government would be required to prove that at the time I took the actions set forth in the indictment I knew and intended to commit a crime. I had no such knowledge or intent."

The district court, in its Memorandum and Order of June 16, 2000, denying Hiltz' motion to withdraw his plea, found that "the plea colloquy met the requirements of Rule 11," that the court had "addressed the three core concerns underlying the rule" and that "Hiltz plainly, and on the record, plead to the facts as outlined." We agree. The record, including the transcript of the change-of-plea hearing, supports those conclusions. "[W]here the prosecutor's statement or the defendant's description of the facts sets forth all elements of the offense and the conduct of the defendant that constitutes the offense, 'the

defendant's admission that the allegations are true is sufficient evidence that he understands the charge.'" <u>United States</u> v. <u>Cotal-Crespo</u>, 47 F.3d 1, 6 (1st Cir. 1995). That was the case here.

Although Hiltz initially denied that he conspired with Andrew Leppo, he admitted that he obtained the counterfeit packaging from Mr. Leppo and that he conferred with Mr. Leppo about how the invoices should read and on matters of "quality control." Those admissions demonstrate Hiltz' understanding of the charges that he conspired with Mr. Leppo. Hiltz admitted that he was guilty "at the minimum" of "willful blindness." That satisfies the knowledge requirement under § 2320. <u>See</u> 130 Cong. Rec. 31,674 (1984) (Joint Statement on Trademark Counterfeiting Legislation). Hiltz claims in his affidavit that he was unaware of the requirement that the government prove that Hiltz knew that his conduct was a crime. There is no such requirement under § 2320, however. <u>See</u> <u>United States</u> v. <u>Baker</u>, 807 F.2d 427, 428 (5th Cir. 1986).

### III. <u>Ineffective Assistance of Counsel</u>

"[T]he two-part <u>Strickland</u> v. <u>Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52, 58

(1985).  The first part of the test requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The second part of the test, in the context of guilty pleas, requires a defendant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

"We do not normally consider ineffective-assistance-of-counsel claims on direct appeal." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991).  However, this case seems to fall within the following exception to that rule: "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim, an appellate court may dispense with the usual praxis and determine the merits of such a contention on direct appeal." Id.

Hiltz' primary claim of ineffective assistance is that his attorney misrepresented that, although the plea agreement precluded him from arguing for a downward departure from the guideline imprisonment range, he could still argue for a downward departure.  Based upon its review of the affidavits of Hiltz and his former counsel and its

familiarity with the parties and the case, the district court concluded that counsel's statements regarding the effect of the plea agreement on Hiltz' ability to argue for a downward departure did not constitute a misrepresentation on which Hiltz relied in deciding to plead guilty. On this record, there is no basis for concluding that that determination by the district court was clearly erroneous or an abuse of discretion.

Similarly, the record also provides no grounds for overturning the district court's rejection of Hiltz' claim that his attorney told him that he was not prepared to continue with the case. The court was entitled to rely upon its observation of Hiltz' performance during the trial and at the change of plea hearing and on Hiltz' statements at the change of plea hearing that he was satisfied with his attorney's representation and that no one had pressured him "in any way" to plead guilty. See Marrero-Rivera, 124 F.3d at 349. Nor did the district court err in rejecting Hiltz' argument that his attorney's allegedly inaccurate description of the leniency he would receive at sentencing if he pled guilty invalidated the plea. See id. Finally, counsel's alleged attempt to persuade Hiltz to plead guilty did not rise to the level of coercion. An attorney's mere attempt

to persuade his client that a guilty plea is in his best interest does not invalidate the plea. <u>See</u>, <u>e.g.</u>, <u>Miles</u> v. <u>Dorsey</u>, 61 F.3d 1459, 1470 (10th Cir. 1995); <u>Williams</u> v. <u>Chrans</u>, 945 F.2d 926, 933 (7th Cir. 1991); <u>Lunz</u> v. <u>Henderson</u>, 533 F.2d 1322, 1377 (2d Cir. 1976).

The judgment of the district court is <u>affirmed</u>. <u>See</u> Loc. R. 27(c). The motion for release pending appeal is <u>denied as moot</u>.