US v. Peng Da Lin                    CR-09-182-JL  4/21/10   P

UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

        v.                          Criminal No. 09-cr-182-01-JL
                                    Opinion No. 2010 DNH 071
<u>Peng Da Lin</u>


**<u>MEMORANDUM ORDER</u>**

        This case involves the admissibility of "prior bad acts"
evidence under Federal Rule of Evidence 404(b).  The defendant,
Peng Da Lin, is charged with four counts of trafficking in
counterfeit goods in violation of 18 U.S.C. § 2320(a).  The
United States moves in limine, seeking to admit an affidavit that
the defendant filed with the U.S. Department of Homeland
Security, Citizenship and Immigration Services (CIS) on August
21, 2007, in which he discussed a prior arrest for allegedly
selling brand-name goods without authorization in 2006.  The
prosecution's motion is denied.  The affidavit is inadmissible in
the case-in-chief because it is not specially probative of the
defendant's knowledge that the goods at issue in this case were
counterfeit, and whatever slight probative value it may have is
substantially outweighed by the danger of unfair prejudice.


I. **<u>Facts</u>**

        The charges against the defendant arise out of his alleged
sale of handbags, purses, wallets, luggage, and other accessories
at the Grandview Flea Market in Derry, New Hampshire on four

separate dates.  The items allegedly bore counterfeit trademarks that were identical with or substantially indistinguishable from genuine trademarks that were in use and registered by several companies with the United States Patent and Trademark Office.

The prosecution is seeking admission of an affidavit signed by the defendant on August 21, 2007.  The defendant submitted the affidavit to the Department of Homeland Security as part of an application for permanent resident status and to explain the circumstances of a prior arrest in New York City.  The affidavit indicates that in January 2006, before his indictment in this case, and before the conduct charged in the indictment, the defendant was arrested while selling handbags on a New York City street.[1]  The charges were eventually dismissed.

The defendant's affidavit states that he was selling the handbags for a friend and that he "did not know that the handbags that my friend asked me to sell on the street is handbags [sic] using the brand name that was not allowed [sic]."  He further stated that "[t]he police officers told me that it is illegal to sell the handbags by using the brand name of the others without authorization.  Since I just helped the [friend] to sell handbag [sic], I have no idea these hand bags are name brand merchandises [sic]."  Finally, the defendant stated that he "learned a lesson

---

[1]Although defense counsel raised this issue at oral argument, the defendant's authorship or execution of the affidavit is not open to serious question.

from this incident and . . . will not make the same mistakes again."[2]

## II. **Applicable legal standard**

On issues of admissibility, "the party offering the evidence has the burden of convincing the court that it is relevant to a consequential fact in issue other than propensity, and that Rule 403 does not require exclusion."  2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 404.23[5][b] at 404-140

---

[2]The affidavit, in its entirety, states:
> My name is Peng Da Lin, submitting this Affidavit to support my Permanent Resident Status application that is pending in your office.  I have received a notice from your office requesting me to submit a statement to explain of my arrest on January 24, 2006. I have attached a certified disposition from the Court to show that the case is dismissed.
> I was helping my friend, who is the owner of a gift store to sell handbag outside the gift store in New York City.  I did not know that the handbags that my friend asked me to sell on the street is handbags [sic] using the brand name that was not allowed.  Since I used to work in the garment factory and I did not know that these hand bags are using the brand name without authorizations [sic].  I was arrested on the street when I helped my friend to sell the handbags on January 24, 2006.  The police officers told me that it is illegal to sell the handbags using the brand name of the others without authorization.  Since I just helped the [friend] to sell handbag [sic], I have no idea these hand bags are name brand merchandises.  The judge heard my case and decided to adjourn my case on July 26, 2006.  My case was dismissed on January 25, 2007.
> I learned a lesson from this incident and I will not make the same mistakes again.  Thank you for your consideration of my application.

Affidavit of Peng Da Lin at 1.

3

(2d ed. 1997). Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Under Rule 404(b), "evidence of prior bad acts is not admissible to show the actor's bad character or propensity to commit crime." United States v. Hicks, 575 F.3d 130, 141 (1st Cir. 2009) (citing United States v. Arias-Montoya, 967 F.2d 708, 709 (1st Cir. 1992)). "While logically relevant, 'propensity' or 'bad character' evidence is deemed to carry an unacceptable risk that the jury will convict the defendant for crimes other than those charged." Arias-Montoya, 967 F.2d at 709. Such evidence, however, "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

4

## III. <u>Analysis</u>

The prosecution seeks admission of the affidavit under Rule 404(b), arguing that it demonstrates the defendant's knowledge that the goods bore counterfeit trademarks, which is an element of the offense, and that the defendant's charged conduct was not the result of an accident or mistake.

The court of appeals uses a two-part test to evaluate the admissibility of evidence of prior bad acts. <u>See</u> <u>United States v. DeCicco</u>, 439 F.3d 36, 50 (1st Cir. 2006). First, the court "must determine whether the evidence in question has any 'special relevance' exclusive of defendant's character or propensity." <u>Id.</u> Second, even if some "special relevance" is found,

> the court must determine whether the evidence should be excluded under Federal Rule of Evidence 403, which allows courts to exclude relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'

<u>Hicks</u>, 575 F.3d at 142 (quoting Fed. R. Evid. 403).

To start with, the most reasonable reading of the defendant's affidavit, and the way his statement is most readily understood, is as a claim that prior to his New York arrest, he did not know it was illegal to sell handbags "using the brand name of others without authorization," but after the officers informed him of that fact, he understood that selling such bags was illegal. Knowledge of illegality, however, is not an element of the instant offense. <u>See</u> <u>United States v. Hiltz</u>, 14 Fed.

5

Appx. 17, 19 (1st Cir. 2001); see also United States v. Baker, 807 F.2d 427, 428 (5th Cir. 1986) ("Both the language of the statute and the legislative history lead to the inescapable conclusion that [the defendant] need not have known his conduct was a crime."). To the extent that the evidence is offered for that purpose (and the prosecution maintains that it is not), it is inadmissible.

The prosecution argues that the affidavit is "specially probative of [the defendant's] intentional trafficking in goods that he knew bore counterfeit marks"--in other words, to prove his "knowledge" of the goods' counterfeit nature, which is the requisite culpable mental state under the counterfeit goods trafficking statute, 18 U.S.C. § 2320(a).[3] The question, then,

_____

[3]To be found guilty of trafficking in counterfeit goods under 18 U.S.C. § 2320(a), the defendant must possess knowledge that the goods he intentionally trafficked bore "counterfeit mark[s]." The term "counterfeit mark" has a precise definition under the statute:
(e) For the purposes of this section-
(1) the term "counterfeit mark" means-
(A) a spurious mark-
(i) that is used in connection with trafficking in any goods, services, labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature;
(ii) that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered;
(iii) that is applied to or used in connection with the goods or services for which the mark is registered with the United States Patent and Trademark Office, or is applied to or consists of a label, patch, sticker,

6

is whether and how the defendant's knowledge that some handbags previously trafficked in New York City were counterfeit is probative of his knowledge of the counterfeit nature of the handbags and other goods at issue in this case. It is not. The affidavit indicates nothing about the bags, trademarks, or conduct involved in the New York incident that is probative of this issue.

Some information regarding the purported counterfeit goods or trademarks involved in the New York incident might make the evidence more probative of the defendant's culpable knowledge in this case. Such evidence might be a common or related supplier or supply location, a common manufacturer of either the goods or the false marks, common contractor(s) hired to affix the false marks to the goods, or even the repeated involvement of the "friend" for whom the defendant stated he was selling the goods in New York City.

Even more probative would be evidence of the similarity between the counterfeit marks involved in the New York arrest and

---

wrapper, badge, emblem, medallion, charm, box, container, can, case, hangtag, documentation, or packaging of any type or nature that is designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark is registered in the United States Patent and Trademark Office; and
(iv) the use of which is likely to cause confusion, to cause mistake, or to deceive

18 U.S.C. § 2320(e)(1)(A)(i-iv) (2006).

the allegedly offending marks in this case.  After all, demonstrable evidence of knowledge that the New York marks were counterfeit, or even "spurious" (see 18 U.S.C. § 2320(e)(1)(A)) could create a permissible inference that the defendant possessed such knowledge as to the seized New Hampshire goods, but only if the marks in question were the same or substantially similar. Without such evidence of commonality or substantial similarity between the goods or marks themselves in the two cases, the defendant's purported knowledge of the counterfeit nature of the New York City bags--whether acquired from the arresting officers or his own unlawful conduct--does not make it more likely that he possessed such culpable knowledge as to the bags seized in New Hampshire.  Although it seems unlikely that the defendant would lack the requisite knowledge after his first, apparently similar run-in with the authorities in New York--hence the Arias-Montoya court's recognition that propensity evidence can be "logically relevant," 967 F.2d at 709--the Rule 404(b) framework does not permit that inferential leap on the limited evidence proffered by the prosecution here.

Further, the affidavit does not even establish that the defendant illegally trafficked counterfeit goods in New York.  It is merely the defendant's explanation to the Department of Homeland Security about a prior event in New York City, the details of which are unclear.  All that the affidavit shows is that the defendant was arrested for selling handbags that he was

8

later told by police were illegal to sell, and that his case was heard and dismissed by a court. The prosecution has not provided any additional details of the defendant's prior arrest or about the elements of proof required for a guilty finding under the New York statute. Therefore, the court has insufficient evidence to determine whether the prior conduct was "sufficiently similar" to that alleged in the pending charges to "allow a juror to draw a reasonable inference probative of knowledge and intent." United States v. Landrau-Lopez, 444 F.3d 19, 24 (1st Cir. 2006).

Whatever small measure of probative value, if any, can be gleaned from the affidavit is "substantially outweighed by the danger of unfair prejudice." Hicks, 575 F.3d at 142 (quoting Fed. R. Evid. 403); see also United States v. Sebaggala, 256 F.3d 59, 67 (1st Cir. 2001). Evidence creates a danger of unfair prejudice where it invites the jury to base its decision on improper considerations, such as criminal propensity, and where "the proponent of the evidence could prove the fact by other, non-prejudicial evidence." United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000) (quoting 22 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5214, at 269 (1978)).

Here, there is a substantial risk that the jury, if shown the affidavit, would improperly infer the defendant's guilt based not on its probative value, but on the assumption that his arrest for somewhat similar conduct indicates a propensity to traffic in

9

counterfeit goods. There is also a risk that the jury would incorrectly confuse the defendant's knowledge that his alleged New York conduct violated New York state law with knowledge that his alleged New Hampshire conduct violated federal law. Again, knowledge of illegality is not an element of the crime of trafficking in counterfeit goods under 18 U.S.C. § 2320(a).

The prosecution has other, less prejudicial ways of proving the knowledge element in this case. For example, the evidence against the defendant includes two recorded conversations that he had with undercover agents shopping at his table at the Grandview Flea Market, as well as various tools and brand-name tags that were recovered from him at the time of arrest. This court therefore concludes that even if the affidavit were probative of knowledge (which, on this record, it is not), the danger of unfair prejudice outweighs its probative value. The affidavit is therefore excluded from evidence.

To be sure, this is a pretrial ruling based on proffered evidence. It is possible that strategic or tactical measures by the defense (e.g., affirmative representations about the defendant's lack of knowledge as opposed to more passive arguments that the prosecution cannot prove knowledge, a dubiously relevant appeal to the jury's sympathy with an ignorance-of-law argument that the defendant did not know that counterfeit trafficking was illegal, or an affirmatively advanced argument that the defendant's conduct was the result of accident

10

or mistake) might make the New York events more relevant or admissible. But on this record, applying the "specially probative" standard, see Hicks, 575 F.3d at 142, the court cannot find this evidence admissible under Rule 404(b).

## IV. Conclusion

For the foregoing reasons, the United States' motion in limine[4] is DENIED.


**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge


Dated:       April 21, 2010

cc:         Mark E. Howard, Esq.
            Mark S. Zuckerman, Esq.

---

[4]Document no. 24.